IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–01612–RM–KMT

COLVIN THOMAS,

    Plaintiff,

v.

DEPUTY ROGERS #16004,

    Defendant.

---

# ORDER

---

Before the court is Defendant's "Motion to Stay Discovery." (["Motion"], Doc. No. 27.) In his Motion, Defendant asks that discovery be stayed, pending resolution of his Motion to Dismiss the Amended Prisoner Complaint, in its entirety, under Federal Rule of Civil Procedure 12(b)(6) and 42 U.S.C. § 1997e(e). (*Id.* at 1; *see* Doc. No. 26.) Plaintiff has not responded to Defendant's motion to stay discovery.[1]

On May 8, 2019, Plaintiff Colvin Thomas, a pretrial detainee at the El Paso County Criminal Justice Center ["CJC"], filed this *pro se* civil rights lawsuit, in Colorado state court,

---

[1] Defendant advises that, prior to filing this Motion, he attempted to confer with Plaintiff on multiple occasions, but that "no response has been received from Plaintiff and efforts to confer continue." (Mot. 1.)

against a CJC employee, Defendant Deputy Rogers #16004.[2]  (Doc. No. 1 Ex. 2.)  Defendant thereafter removed the case to federal court, on June 5, 2019.  (Doc. No. 1 at 1.)

Upon removal, on June 27, 2019, Plaintiff filed an Amended Prisoner Complaint, pursuant to 42 U.S.C. § 1983, asserting claims for violations of his First, Eighth, and Fourteenth Amendment rights.  (Doc. No. 13 ["Complaint"], at 3-4.)  Specifically, Plaintiff alleges that, while in CJC custody, Defendant unlawfully retaliated against him for filing a grievance complaint, and used excessive force, by "forcefully shov[ing]" him into a cell, "pulling" his arm, and "punch[ing]" him "repeatedly" in the face.  (*Id.* at 4.)  In the Amended Prisoner Complaint, Plaintiff seeks monetary damages, but requests no other form of relief.  (*Id.* at 6.)

On September 20, 2019, Defendant responded to the Amended Prisoner Complaint by filing a motion to dismiss, as well as a motion to stay discovery, pending resolution of the motion to dismiss.  (*See* Mot. 1; Doc. No. 26.)  Defendant argues that a discovery stay is appropriate in this case, because his motion to dismiss invokes a qualified immunity defense to Plaintiff's claims.  (Mot. 3.)  In addition, Defendant argues that, unless a stay is granted, he will be forced to incur "real hardship" and "inequity" from the discovery process.  (*Id.* at 4.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every

---

[2] Plaintiff also named El Paso County Criminal Justice Center as a defendant in the lawsuit.  (*See* Doc. No. 1 Ex. 2 at 6-9.)  However, upon removal, and after an initial screening under 28 U.S.C. § 1915A, Plaintiff's claims against El Paso County Criminal Justice Center were dismissed, as legally frivolous.  (Doc. No. 19 at 5-7.)

court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff has not responded, or otherwise expressed opposition, to Defendant's motion. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendant argues that he would be unduly burdened by moving forward with discovery, because he has asserted a qualified immunity defense to all of Plaintiff's claims. (Mot. 3.) Qualified immunity "give[s] government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (alterations omitted) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The Tenth Circuit has made clear that "qualified immunity questions should be resolved at the earliest possible stage in litigation." *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) (alterations omitted). In addition, "discovery generally should be avoided once qualified immunity is raised," unless the plaintiff demonstrates "how [such] discovery will raise a genuine fact issue as to the defendant['s] qualified immunity claim." *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)). Here, Plaintiff has made no such demonstration. *See Raven v. Williams*, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay, because the plaintiff did not address how discovery would pertain to the defendant's qualified immunity defense).

And, importantly, all of Plaintiff's claims appear to be subject to a qualified immunity defense. *See Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004) (explaining that a qualified immunity defense is available only to claims for monetary damages, made against an individual government official, in his or her individual capacity). In this case, Defendant is a government official, Plaintiff seeks only monetary damages, and the claims are asserted against Defendant in his individual capacity only. (Compl. 3-4, 6.) Accordingly, the second factor also weighs in favor of a stay. *See Samuels v. Baldwin*, No. 14-cv-02588-LTB-KLM, 2015 WL 232121, at *2 (D. Colo. Jan. 16, 2015) (finding the second factor weighed in favor of a stay, because the plaintiff's claims were all subject to a qualified immunity defense).

Looking to the remaining *String Cheese* factors, the third "court convenience" factor weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that Defendant's "Motion to Stay Discovery" (Doc. No. 27) is **GRANTED**. Discovery in this matter is **STAYED** pending a ruling on the Motion to Dismiss. Defendant shall file a status report within ten days of a ruling, if any portion of the case remains, to advise

5

whether the Scheduling Conference should be reset.

This 10th day of October, 2019.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge